UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
KENDALL RICHBURG,

                      Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICERS
John Doe # 1 - 7

Defendants.
---------------------------------------------------------------X

Index No.:

**COMPLAINT**

CV 12 5590

MAUSKOPF, J.

SCANLON, M.J.

**JURY DEMAND**

Plaintiff Kendall Richburg, by his Attorneys. OFODILE & ASSOCIATES, P.C. complaining of the Defendants, the City of New York and Police Officers John Doe Nos. 1-7, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action at law to redress assault and battery, causing grievous bodily harm, excessive use of force, false arrest, false imprisonment, and malicious prosecution in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious and reckless acts of the City of New York, and some of its Police Officers. The Court also has supplemental jurisdiction over Plaintiff's claims brought under Article 1, Section 12 of the New York State Constitution for violation of his State constitutional rights against unreasonable searches and seizures.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4. At all times relevant and material to the facts of this case, Plaintiff resided in Brooklyn, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendants complained herein.

6. At all times relevant and material to this case, Defendants Police Officers John Does 1-7, were employees of the City of New York, employed in its Police Department, and upon information and belief, worked in the 75th Precinct, in Brooklyn, New York.

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York within ninety days of the happening of the events mentioned herein, attended a 50H hearing, and at least 30 days has elapsed from the said date without the City of New York settling said claims.

## FACTUAL ALLEGATIONS

8. On Wednesday, March 28, 2012, Plaintiff was lawfully leaving his friend's house at 586 Wyona Street, Brooklyn, New York 11207 when Police Officers conducting a raid arrived.

9. As the Officers entered the building, they yelled "Police." Plaintiff immediately laid face down to the ground.

10. As Plaintiff was on the ground, the Police Officers began beating him, kicking him, and punching him. The Police Officers also used their shield to assault him. Plaintiff received injuries to various parts of his body, including a bruised black eye.

11. After the Police Officers assaulted Plaintiff, they handcuffed him and placed him in a van along with 5 to 6 other individuals from the building.

12. Plaintiff was beaten so badly by the Police Officers that he lost consciousness, defecated on himself, and was ......

13. Plaintiff was then transported to the 75th Precinct and fingerprinted. Plaintiff sat in the precinct until 1 to 2 AM before he was taken to Central Booking.

14. At Central Booking, medical services providers looked at Plaintiff's eye and recommended that he be transported to the hospital.

15. Plaintiff was in the same clothes with his feces for a long time. The Police Officers were making fun of Plaintiff.

16. Plaintiff was taken to Woodhull Hospital in Brooklyn, New York around 2 to 3 AM, where he saw a doctor.

3

17. On Friday, March 30, 2012 at approximately 12 PM, Plaintiff was released from the hospital and then taken back to Central Booking.

18. Plaintiff then met with a Legal Aid Attorney, who appeared with him in front of a judge. Bail was set at $1000. Plaintiff was subsequently released on bail.

19. Plaintiff was charged with obstructing governmental administration and resisting arrest. These charges were dismissed at the end of October 2012.

20. The actions of the Defendants complained of herein were done intentionally, maliciously and in knowing violation of Plaintiff's constitutional rights. Thus, Plaintiff is entitled to substantial punitive damages to punish the Defendants for their callous and reckless actions and also to discourage others from continuing to pursue such wanton unconstitutional conduct.

21. As a result of Defendants' actions, Plaintiff was injured physically and emotionally, was denied his freedom and enjoyment of life and is therefore entitled to general compensatory damages in the amount adequate to compensate him for the injuries he sustained as a result of the Defendant's unconstitutional action.

22. The false arrest, malicious prosecution, assault, battery and use of excessive force violated Plaintiff's rights under the common law and also his federal and state constitutional rights and are liable to him under 42 U.S.C. §1983 and Article 1, Section 12 of the New York State Constitution.

23. As a result of the violations of Plaintiff's common law and constitutional rights alleged herein, Plaintiff sustained bodily injuries, suffered physical pain, and suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

24. Plaintiff has also sustained financial losses/damages and would continue to sustain same as a result of the actions of the Defendants complained of herein.

25. The actions of the individual Defendants were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against each individual Defendant.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime in violation of his Fourth and Fourteenth Amendment rights not to be arrested without probable cause and Defendants are liable to Plaintiff damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime, thus; Defendants are liable to Plaintiff damages pursuant to Article 1, §12 of the New York State Constitution.

## THIRD CAUSE OF ACTION

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime in violation of Plaintiff's common law rights to be free from false arrest.

## FOURTH CAUSE OF ACTION

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. Plaintiff was arrested by the individual Defendants and charged with the crimes of obstructing governmental administration and resisting arrest. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

34. When the individual Defendants charged Plaintiff with the various crimes, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual basis for those charges in violation of Plaintiff's constitutional rights to be free from malicious prosecution as guaranteed by both federal and state constitutions. Defendants did not also have a reasonable basis to believe that Plaintiff would be successfully prosecuted for the offenses they charged him with in violation of his common law rights not to be subjected to malicious prosecution.

## FIFTH CAUSE OF ACTION

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if each paragraph is repeated verbatim herein.

36. Defendants subjected Plaintiff to excessive force by kicking him and punching him. Defendants also used their shield to assault him. Plaintiff received injuries to his person

6

including a bruised black eye, as a result of the excessive force. Plaintiff was beaten so badly by Defendants that he defecated on himself and lost consciousness and had to be hospitalized for monitoring as a result of the concussion he sustained, which continued to make him dizzy while at the hospital. Thus, Defendants subjected Plaintiff to excessive force in violation of his Fourth Amendment right not to be subjected to unreasonable searches and seizures.

### SIXTH CAUSE OF ACTION

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38. Defendants subjected Plaintiff to excessive force by kicking him and punching him. Defendants also used their shield to assault him. Plaintiff received injuries to his person including a bruised black eye, as a result of the excessive force. Plaintiff was beaten so badly by Defendants that he defecated on himself and lost consciousness and had to be hospitalized for monitoring as a result of the concussion he sustained, which continued to make him dizzy while at the hospital. Thus, Defendants subjected Plaintiff to excessive force in violation of Article 1, §12 of the New York State Constitution.

### SEVENTH CAUSE OF ACTION

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is repeated verbatim herein.

40. Defendants subjected Plaintiff to excessive force by kicking him and punching him. Defendants also used their shield to assault him. Plaintiff received injuries to his person including a bruised black eye, as a result of the excessive force. Plaintiff was beaten so badly by Defendants that he defecated on himself and lost consciousness and had to be hospitalized for

monitoring as a result of the concussion he sustained, which continued to make him dizzy while at the hospital. Thus, Defendants subjected Plaintiff to excessive force in violation of Plaintiff's common law rights.

## EIGHT CAUSE OF ACTION

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42. Defendants by making Plaintiff stay in the same clothes with his feces for a long time subjected Plaintiff to unreasonable seizure in violation of the Fourth Amendment. Plaintiff alleges that in the alternative, such treatment subjected him to cruel and unusual punishment in violation of his Eight Amendment rights not to be subjected to cruel and unusual punishment. This is also in violation of Plaintiff rights under Article 1, §12 of the New York State Constitution and under common law.

## NINTH CAUSE OF ACTION

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44. At all times relevant and material to this case, Defendant City of New York was and still was the employer of the individual Defendants in this case and the Defendants acted as agents of the City of New York and the City of New York is therefore responsible for the actions of the Defendants alleged herein, which were in violation of Plaintiff's common law rights under the agency doctrine and/or respondent superior rule and for the violation of Article 1, §12 of the New York State Constitution which makes the City responsible for the actions of its agents/servants when they violate Article 1, §12 of the New York State Constitution.

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1. As against the individual Defendants for violation of his federal constitutional rights, jointly and severally:

   i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

   ii. lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

   iii. punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

   iv. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

   v. such other relief as the Court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

   i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

   ii. lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

  iii. punitive damages (against the individual Defendants only) in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iv. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

  v. such other relief as the Court deems just and proper.

3. As against the individual Defendants and the City of New York for violation of Plaintiff's common law rights:

  i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

  ii. lost earnings and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

  iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iv. the costs and disbursements of this action – against all Defendants, jointly and severally; and

  v. such other relief as the Court deems just and proper.

Dated: Brooklyn, N.Y.
   November 13, 2012

OFODILE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
Anthony C. Ofodile, Esq.
Franciscus L. Diaba, Esq.
498 Atlantic Avenue
Brooklyn, New York 11217
Tel. No.: (718) 852-8300