UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KENDALL RICHBURG,                              Index No.:12-cv-5590 (RRM)(VMS)

                              Plaintiff,
       -against-                                      **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
SERGEANT DENNIS FRIENDLY,
SERGEANT MICHAEL WHITE,
DETECTIVE JOSE HIGA,                           **JURY TRIAL DEMANDED**
DETECTIVE EMRAH ATES, AND
DETECTIVE SEAN FINNEGAN,

                              Defendant
-------------------------------------------------------------x

       Plaintiff Kendall Richburg, by his Attorneys. OFODILE & ASSOCIATES. P.C. complaining of the Defendants, the City of New York, Sergeant Dennis Friendly, Sergeant Michael White, Detective Jose Higa, Detective Emrah Ates, and Detective Sean Finnegan, alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action at law to redress assault and battery, causing grievous bodily harm, excessive use of force, false arrest, false imprisonment, and malicious prosecution in violation of the Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious and reckless acts of the City of New York through some of its Police Officers. The Court has supplemental jurisdiction over Plaintiff's state common law claims.

2.     Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. §

1343(a)(3), this being an action authorized by law to redress to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4. At all times relevant and material to the facts of this case, Plaintiff resided in Brooklyn, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual defendants and is liable under the common law agency rule for the actions of the individual defendants complained herein.

6. At all times relevant and material to this case, Defendants, Sergeant Dennis Friendly, Sergeant Michael White, Detective Jose Higa, Detective Emrah Ates, and Detective Sean Finnegan, were employees of the City of New York, employed in its Police Department, and upon information and belief, worked out of the 75th Precinct in Brooklyn, New York, as part of the Brooklyn North Narcotics Bureau.

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York within ninety days of the happening of the events mentioned herein, attended his scheduled 50-H

2

Hearing, and at least 30 days has elapsed from the said date without the City of New York settling said claims.

## FACTUAL ALLEGATIONS

8.   On Wednesday, March 28, 2012, at approximately 5:00 p.m., Plaintiff was lawfully leaving his friend's house at 584 or 586 Wyona Street, Brooklyn, New York 11207 when Police Officers conducting a raid arrived.

9.   As the Officers entered the building, they yelled "Police." Plaintiff immediately laid face down to the ground.

10.   As Plaintiff was on the ground, the Defendant Officers began beating him, kicking him, hitting him with shields and asps and punching him. Plaintiff received injuries to his bodily person including concussion/s and a bruised black eye.

11.   After the Defendant Police Officers assaulted Plaintiff, they handcuffed him and placed him in a van along with 5-6 other individuals from the building.

12.   Plaintiff was beaten so badly by the Police Officers that he lost consciousness and defecated and urinated on himself.

13.   Plaintiff was then transported to the 75th Precinct and fingerprinted. Plaintiff sat in the precinct until 1 to 2 AM before he was taken to Central Booking.

14.   At Central Booking, medical services providers looked at Plaintiff's eye and recommended that he be transported to the hospital.

15. Plaintiff was in the same clothes with his feces for more than three days. The Police Officers were mocking him for defecating on himself and on how horribly he smelled and other prisoners also mocked Plaintiff subjecting him to further humiliation and emotional distress.

16. Plaintiff was taken to Woodhull Hospital in Brooklyn, New York around 2 to 3 AM, where he saw a doctor and was admitted and stayed in the hospital for two days because the beating the defendant officers had subjected Plaintiff to caused him a concussion and he was still suffering from the dizziness and disorientation of the concussion.

17. On Friday, March 30, 2012 at approximately 12 PM, Plaintiff was released from the hospital and then taken back to Central Booking.

18. Plaintiff then met with a Legal Aid attorney who appeared with him in front of a judge. Bail was set at $1000. Plaintiff was subsequently released on bail after three days.

19. Upon information and belief, Plaintiff was charged with obstructing governmental administration, resisting arrest and assault in the 3rd degree. These charges were later dismissed after Plaintiff had made several court appearances.

20. The actions of the Defendants complained of herein were done intentionally, maliciously and in knowing violation of Plaintiff's constitutional rights. Thus, Plaintiff is entitled to substantial punitive damages to punish the Defendants for their callous and reckless actions and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct.

21. As a result of Defendants' actions, Plaintiff was injured physically and emotionally, was denied his freedom and enjoyment of life and is therefore entitled to general compensatory damages in the amount adequate to compensate him for the injuries he sustained as a result of the Defendants' unconstitutional action.

22. The false arrest, malicious prosecution, assault, battery and use of excessive force violated Plaintiff's rights under the common law and also his federal constitutional rights and defendants are liable to him under 42 U.S.C. §1983 and the common law.

23. As a result of the violations of Plaintiff's common law and constitutional rights alleged herein, Plaintiff has sustained bodily injuries, suffered physical pain, and suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

24. Upon information and belief, the cost/s of Plaintiff's hospitalization and medical treatment as a result of the assault meted out on him by Defendants were/are chargeable to Plaintiff and Plaintiff may still be responsible for the payment of such medical costs, with interest, and Plaintiff has therefore sustained financial losses/damages and would continue to sustain same as a result of the actions of the Defendants complained of herein.

25. The actions of the individual Defendants were callous, wanton, premeditated, done intentionally and knowing to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against each of the Defendants.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime in violation of his Fourth and Fourteenth Amendment rights not to be arrested without probable cause and Defendants are liable to Plaintiff damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29.     Plaintiff was falsely arrested/imprisoned by the individual Defendants without reasonable cause to believe that he had committed a crime in violation of his common law right not to be falsely arrested and/or imprisoned.

## THIRD CAUSE OF ACTION

30.     Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31.     Plaintiff was arrested by the individual Defendants and charged with the crimes of assault in the 3rd degree, obstructing governmental administration and resisting arrest. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

32.     When the individual Defendants charged Plaintiff with the various crimes, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual bases for those charges, in violation of Plaintiff's constitutional right to be free from malicious prosecution as guaranteed by Federal law and therefore violated Plaintiff's Fourth Amendment rights and are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34.     Plaintiff was arrested by the individual Defendants and charged with the crimes of assault in the 3rd degree, obstructing governmental administration and resisting arrest. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

35.     When the individual Defendants charged Plaintiff with the various crimes, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual bases for those charges and they therefore violated Plaintiff's common law right not to be subjected to malicious prosecution.

## FIFTH CAUSE OF ACTION

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37.     Defendants subjected Plaintiff to excessive force by kicking him, hitting him with their shields and asps and punching him. Plaintiff received injuries to his bodily person including a bruised black eye as a result of the excessive force. Plaintiff was beaten so badly by Defendants that he defecated and urinated on himself, was concussed and had to be admitted in the hospital for two days for treatment for the injuries defendants subjected him to. Thus, Defendants subjected Plaintiff to excessive force in violation of his Fourth Amendment right not to be subjected to unreasonable searches and seizures.

## SIXTH CAUSE OF ACTION

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39. The individual defendants subjected Plaintiff to battery and assault for no legally justifiable reasons by kicking him, hitting him with their shields and asps and punching him. Plaintiff received injuries to his bodily person including a bruised black eye, as a result of the excessive force. Plaintiff was beaten so badly by Defendants that he defecated on himself, was concussed and had to be admitted in the hospital for two days for treatment for the injuries defendants subjected him to. Thus, Defendants subjected Plaintiff to assault and battery in violation of his common law rights not to be subjected to assault and battery.

**SEVENTH CAUSE OF ACTION**

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

36. Defendants denied Plaintiff the right to a fair hearing by falsifying evidence regarding the circumstances of Plaintiff's arrest and submitting same to the prosecution and/or by charging Plaintiff with assault in the 3rd degree, obstructing governmental administration and resisting arrest.

41. Defendants were all wearing riot gear when Plaintiff first saw them and there were at least fourteen officers in riot gear, with helmets, shields, and other equipment and once they shouted police plaintiff laid on the ground and froze to allow them safe passage as he knew that he had no business with the arriving officers and that they had no business with him. However, upon information and belief, Sergeant Friendly and Detective Sean Finnegan as well as the other individual defendants alleged that while they were on their way to the third floor to execute a search warrant, on the first floor, after they had passed Plaintiff whom they alleged was standing

on the ground floor, Plaintiff "lunged towards P/O Friendly and punched P/O Friendly about the face".

42. Sergeant Friendly and Detective Finnegan, as well as the other individual defendants in this case fabricated evidence that the Plaintiff lunged and punched Police Officer Friendly and resisted arrest when they knew that Plaintiff never did any of the things they alleged and they therefore violated Plaintiff's right to a fair trial in violation of his constitutional rights.

## EIGHT CAUSE OF ACTION

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44. Defendants by making Plaintiff stay in the same clothes with his feces and urine until he was released on bail ( three days later), and at the same time mocking him for the same subjected him to cruel and unusual punishment in violation of his Fourth Amendment rights not to be subjected to cruel and unusual punishment/due process.

## NINTH CAUSE OF ACTION

45. Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

46. At all times relevant and material to this case, Defendant City of New York was and still is the employer of the individual Defendants in this case and the Defendants acted as agents of the City of New York and the City of New York is therefore responsible for the actions of the

9

Defendants alleged herein which were in violation of Plaintiff's common law rights under the agency doctrine.

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1. As against the individual Defendants for violation of his federal constitutional rights, jointly and severally:

i. generally and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

ii. lost earning and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof;

iii. punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

iv. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

v. such other relief as the Court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Plaintiff's common law rights:

i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

ii.     lost earning and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

iv.     the costs and disbursements of this action – against all Defendants, jointly and severally; and

v.      such other relief as the Court deems just and proper.

Dated: Brooklyn, N.Y.
      October 24, 2013

                                      OFODILE & ASSOCIATES, P.C.
                                      *Attorneys for Plaintiff*

         By:   s/b Anthony Ofodile
                    Anthony C. Ofodile, Esq.
                    498 Atlantic Avenue
                    Brooklyn, New York 11217
                    Tel. No.: (718) 852-8300