UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
KENDALL RICHBURG,                              Index No.:12-cv-5590 (LDH)(VMS)

                         Plaintiff,

     -against-

THE CITY OF NEW YORK,
SERGEANT DENNIS FRIENDLY,
SERGEANT MICHAEL WHITE,
DETECTIVE JOSE HIGA,
DETECTIVE EMRAH ATES, AND
DETECTIVE SEAN FINNEGAN,

                         Defendant
---------------------------------------------------------------x

# DECLARATATION OF ANTHONY OFODILE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

      Anthony C. Ofodile, an attorney duly admitted to practice law in the State of New York, and, in the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, declares under penalty of law as follows:

      1.     I am the Principal in Ofodile & Associates, Attorneys of Record for the Plaintiff in this case and the Lead trial Counsel and, as such, I am fully familiar with the proceedings had heretofore and make this Declaration in support of Plaintiff's motion for attorneys' fees, costs and disbursements incurred in the prosecution of this action.

      2.     My Office is a small civil rights/employment discrimination law firm usually consisting of between three to five attorneys, though at the time of the trial of this case I had only one Associate/Paralegal Cynthia Amadioha who has passed two of the three examinations required to be licensed as an Attorney in the State of New York, and is waiting to take the last

component in the coming months.

3. Jury selection in this case took place on December 5, 2016. This case was tried to a jury from December 5, 2016, to December 7, 2016. At the conclusion of the trial the jury found for plaintiff Kendall Richburg and awarded him $55,000.00 in compensatory damages and $20,000.00 in punitive damages against Defendants, Sergeant Dennis Friendly, Sergeant Michael White, Detective Jose Higa, Detective Emrah Ates, and Detective Sean Finnegan, for violating Mr Richburg's right not to be falsely arrested, subjected to excessive force and malicious prosecution in violation of the 4th Amendment.

4. Annexed as Exhibit 1 is the Statement of Legal Services performed by Anthony Ofodile, Esq., Lead Counsel of Record for plaintiff in this matter, the record of which was kept contemporaneously with the services performed when they were performed.

5. Annexed as Exhibit 2 is the Affidavit of Cynthia Amadioha annexing the Statement of Legal Services she performed the time of which were recorded contemporaneously as she performed the work. It is a condition of her employment that she record her time contemporaneously.

6. Ms Amadioha's rate is billed as that of an experienced paralegal but she has a bachelor of laws degree (LLB), was admitted to practice law in Nigeria and practiced law in Nigeria before immigrating to the United States and has passed the New York and ethics components of the New York State Bar examination and is waiting to take the multi-state portion of the examination.

7. Annexed as Exhibit 3 is the Affidavit of Vincent Eke-Nweke in Support of Ofodile's application for $425.00 an hour as his hourly rate in this case.

8. Annexed as Exhibit 4 are bills/copies expenses incurred and billed in the prosecution of this case.

9. I was admitted to practice law in the State of New York in June, 1994, and in the United States District Court for the Southern District of New York in October 1994. I am also admitted to practice in the Eastern District of New York.

10. As Counsel of record for the plaintiff, I am requesting a fee award of $425.00 an hour based on my experience and knowledge in civil rights litigation.

11. I am requesting an hourly rate of $150.00 for Cynthia Amadioha for the services she performed in this case.

12. My familiarity with fees awarded to attorneys with similar experience as attorneys that worked in this case is based on the fact that since 1994, my legal practice has concentrated on civil rights and employment discrimination litigation. Approximately 90% of my practice is in the area of employment discrimination and civil rights. I have become familiar with what many defense firms bill per hour for their services as well as what courts award to attorneys with similar knowledge and experience.

13. Furthermore, I negotiate the fees for myself and my associates with the City of New York when a client accepts an offer of judgment which the City makes in 75% of cases that my Firm handles against the City of New York. Such offers of judgement invariably exclude attorneys fees and costs. In negotiating such fees in matters within the Eastern District of New York where such settlements have taken place more recently because the bulk of our cases are in the EDNY, my hourly rate is usually compromised with the City at between $425 to $450.00 an hour without any need for a court intervention.

14. My application for the award of $425.00 an hour is based on fees usually awarded to attorneys with the same type of experience, knowledge, reputation and expertise in civil rights cases and also based on the fact that counsel, in accepting and prosecuting this case, performed a very important public service function of enforcing the constitutional rights of Mr Richburg and also took the risk of not getting compensated at all for the time expended litigating this case and not getting reimbursed for the costs expended in litigating this case.

15. I have litigated more than four hundred civil rights/employment discrimination cases, both in federal and state courts of New York, and in federal courts in Texas, Virginia, New Jersey and Philadelphia. In just the Eastern District and Southern District of New York alone, I have litigated over two hundred and fifty cases and the exhibits annexed herein show.

16. Annexed as Exhibit 5 is a print out of cases I have litigated in the Eastern District of New York which total 151 cases.

17. Annexed as Exhibit 6 are cases I have litigated in the Southern District of New York which total 88.

18. Annexed as Exhibit 7 are cases I have litigated in the Western and Northern Districts of New York and, since 2011, at the United States Court of Appeals for the Second Circuit.

19. I currently have more than 130 cases reported wherein my name appear as Lead Counsel in official reports, LEXIS, and WESTLAW. There are also many other cases that are reported that I litigated where the Court did not list the attorneys' names and I stumble upon them when researching legal issues.

20. The cases that I have litigated have also appeared in the New York Times on at

least three occasions, The New York Law Journal on numerous occasions, and in other newspapers. My practice as a civil rights/employment discrimination attorney was profiled in the New York Law Journal of January 27, 2009. Some of my cases have also been the subject of national television news.

21. I have twenty-nine years experience as an attorney, having been admitted to practice law in Nigeria in 1988 and courts have recognized that experience in determining the reasonable hourly rate for me. *See Sowemimo v. D.A.O.R. Security, Inc.*, 2000 U.S. Dist. LEXIS 9180 *10, 11 (S.D.N.Y., 2000). Nigerian law is based on the British Common Law just as New York State law is also largely based on the British Common Law. The Nigerian Constitution was modeled after the U.S. Constitution and U.S. Supreme Court interpretation of U.S. constitutional provisions are often relied upon in interpreting the Nigerian Constitution.

22. In Nigeria, my practice also involved civil rights litigation among other areas of law. I also researched and wrote appellate briefs (for the Court of Appeals and Supreme Court of Nigeria) for A.N. Anyamene, SAN (Senior Advocate of Nigeria)(now deceased), and had appeared and argued briefs before the Nigerian Court of Appeals.

23. Apart from being admitted to this Court, I am also admitted to the Southern, Western and Northern Districts of New York.

24. I am also admitted to practice before the United States Court of Appeals for the Second Circuit and Third Circuits where I have represented both appellees and appellants in more than two dozen employment discrimination and civil rights appeals since July 1997.

25. I studied constitutional and administrative law at graduate level, having earned two masters degrees in these and related areas. After earning my masters degree in law at

5

Columbia University, I was halfway through my doctorate program in law at Columbia University School of Law when the needs of my private practice forced me to abandon same. My post-graduate degrees in law have been in areas of my private practice and have helped immensely both in my learning and experience in civil rights matters.

26. The request for $425.00 an hour is also based on the difficulty and complexity of the case.

27. In representing plaintiff in this case, I billed a total of 394.9 hours for legal work performed and 13.9 hours for travel time. The hours were billed for discovery, motions, trial, and post verdict motion for fees.

28. The hours billed were necessary in order to properly represent the plaintiff given the nature and complexity of the case. Based on Counsel's specialization in this matter, the hours billed are, in fact, less than what would usually be billed by other attorneys for doing similar work and obtaining similar result showing a very efficient utilization of resources and the benefit of specialization.

29. Ms Cynthia Amadioha billed 52 hours for work performed in this case and is seeking $150.00 an hour for a total of $7,800.00 and for travel time of 6 hrs at $75.00 ($450.00) for a total of $8, 250.00.

30. Based on the billing rate of $425.00, I respectfully request for payment of 394.9 hours for legal work for a total of $167,832.50 and 13.9 hours of travel time at $212.50 per hour ($2,953.75) for a grand total of $170,786.25 for legal services performed by Anthony Ofodile.

31. Plaintiff requests a grand total of $179,036.25. in attorneys fees, plus costs.

32. The costs sought in this case are the following: $350.00 for Summons, $2,165.30

being the cost of depositions conducted by Plaintiff, $150 subpoena fee paid to Daphne Farrell, $75.00 cost of service of the subpoena, $135.00 cost of second attempt to serve the Officers at 1 Police Plaza. Plaintiff also made three additional copies of the deposition transcripts of the Officers for use during the trial. The copying was made in the Office and the billing is made by the leasing company on a monthly basis. The total number of pages copied was 1,230. When the cost of leasing the machine and monthly cost of each copy is included, Counsel believes that it would come at approximately 20 cents a copy and is asking for $246.00 for those transcripts copied for trial. The total costs sought to be recovered by Plaintiff amounts to $3,121.30.

33. Based on my experience, training and education, and the difficulty of issues involved in this case, it is my opinion that the sum of $$179,036.25 represents a fair, conservative, and reasonable attorneys' fee for the representation of plaintiff in this case.

34. In light of the foregoing, Plaintiff respectfully requests a total of $179,036.25 (One hundred and seventy-nine thousand, thirty-six dollars and twenty-five cents) in attorneys fees and costs in the total sum of $3,121.30 (three thousand one hundred twenty-one dollars and thirty cents ) for a grand total of  $182,155.55   (One hundred and eighty-two thousand, one hundred and fifty-five dollars and fifty-five cents) in attorneys fees and costs.

THE FOREGOING STATEMENT IS TRUE UNDER PENALTIES OF PERJURY.

Affirmed:   Brooklyn, New York
            March 6, 2017


                                    S/b Anthony Ofodile
                                    Anthony Ofodile,